■ RICHARD N. GRAY, Appellant, v LAURA GRAY, Respondent.—That part of an order of the Supreme Court, New York County, entered September 27, 1979, which denied plaintiff-appellant's motion for summary judgment, unanimously reversed, on the law, without costs or disbursements, and appellant's motion for summary judgment granted. In this action, appellant husband seeks a divorce pursuant to subdivision 6 of section 170 of the Domestic Relations Law on the ground that the parties have lived separate and apart for more than one year. In his motion for summary judgment appellant asserted that he made each and every payment required under the terms of a separation agreement and that he complied in every other respect with the agreement. Respondent replied that appellant made the payments required only because his failure to do so might deny him the divorce he seeks; that many of the payments required of appellant were so late as to cause respondent embarrassment—and that in effect appellant failed to comply substantially with the terms of the agreement. The only specific indication of noncompliance is a letter from respondent's attorney dated September 14, 1978, approximately three months after the agreement was executed. The three debts—$325 to defendant's dentist, $140 to her gynecologist and $700 to a department store—all appear to predate the agreement. In his moving affidavit, appellant avers payment of the gynecologist's bill and part of the dentist's bill and attaches copies of canceled checks in support. He claims that he arranged with the dentist to defer $225 of his bill and states that the Bloomingdale's bill is part of an installment account and he attaches copies of various canceled checks to Bloomingdale's. In addition, appellant attaches copies of paid bills and canceled checks for summer camp and private school. In her opposing affidavit, the only affidavit submitted by her, respondent makes the allegations of noncompliance set forth above and found insufficient by Special Term. Under these circumstances, it appears that appellant has met his burden of proving substantial compliance with the agreement. As he aptly points out, paragraph 17 of the agreement, specifically provides that the agreement shall be deemed fulfilled in all respects within the meaning of subdivision 6 of section 170 of the Domestic Relations Law unless an "unremedied default" shall have occurred after written notice of such default. No notice of default, other than the letter of September 14, 1978, is alleged or proven. It is our finding that there was substantial compliance with the separation agreement and, accordingly, there are no triable issues. Concur—Kupferman, J. P., Birns, Fein, Markewich and Lupiano, JJ.